## REVOCABILITY OF INTERURBAN FRANCHISES.

Court of Appeals of Stark County.

STATE OF OHIO, EX REL. CHARLES KRICHBAUM, PROSECUTING
ATTORNEY OF STARK COUNTY, OHIO, V. THE NORTHERN
OHIO TRACTION & LIGHT COMPANY.

Decided, January Term, 1913.

*Grants to Railways for Use of Highways—Franchise for Such Use is a
Contract—Runs with the Land or Subject of the Contract—And is
Irrevocable by County Commissioners, When—Complaints as to Ex-
cessive Rates of Fare—Not Ground for Forfeiture of Franchise—
But Should Go to the Railroad Commission—Proceedings for Ouster
—Application of the Statutes of Limitation—Sections 9101 and
12340.*

1. A resolution adopted by a board of county commissioners, granting
   to the person named therein the right to locate, construct, main-
   tain and operate an electric railway along a public highway, is
   not any the less a continuing contract because of the omission of
   terms in the grant which authorize a transfer to others of the
   rights therein granted; but the covenant in such a case must be
   regarded as a grant which runs with the land or subject-matter
   of the contract, and the addition of the word "assignee" or "as-
   signs" is not necessary to make the covenant effective to all per-
   sons to whom the property or rights may pass.

2. When a franchise or contract rights have been granted by an ex-
   ercise of power duly conferred and such rights have become vested,
   no amendment or alteration of the charter or contract can take
   away the property or rights so vesting; and where the grant is
   without a time limit, and there are no limitations upon the powers
   of the commissioners making the grant, the rights so conferred are
   not a mere grant at will, but are indeterminate or perpetual, and
   can not be terminated by the commissioners, nor can such rights
   always be revoked by the General Assembly.

3. Where there is no complaint against a company, occupying a pub-
   lic highway with an electric railway line, or omission to do any
   act stipulated to be done or violation of any of the privileges
   granted, and the only allegation upon which it is sought to revoke
   the grant is the charging of excessive rates of fare, the relators
   have no standing in court, but must seek relief before the state
   railroad commission.

4. Moreover, where the grant contains no express condition of forfeiture,
   no implied condition can be read into the contract which would

deprive successors of the original grantee of the right to exercise the privileges so granted.

5. But demurrer does not lie against a petition to oust a corporation from its franchise, where the petition does not allege that the action was commenced within five years after the act complained of was done or committed, or that the company has exercised the franchise for twenty years, exclusive of the time it was enjoyed by predecessors in title.

*Hubert C. Pontius* and *Franklin M. Sweitzer*, for plaintiff.
*Welty & Albaugh*, contra.

VOORHEES, J.; POWELL, J., concurs; SHIELDS, J., dissents.

This is a proceeding in *quo warranto* instituted under favor of Section 12340, General Code of Ohio, in which it is provided "that nothing in this chapter shall authorize an action against a corporation for forfeiture of charter unless it be commenced within five years after the act complained of was done or committed; nor shall an action be brought against a corporation for the exercise of the power or franchise under its charter which it has used and exercised for a term of twenty years; nor shall an action be brought against an officer to oust him from his office unless within three years after the cause of such ouster or the right to hold the office arose."

Charles Krichbaum, as prosecuting attorney of Stark county, Ohio, on the 13th day of August, 1912, filed a petition in the Circuit Court of Stark County, Ohio, alleging in substance that the Northern Ohio Traction & Light Company is a corporation duly organized under the laws of the state of Ohio, and engaged in operating an interurban electric railroad in Stark county, in the state of Ohio, on a public road or highway known as the Canton-Massillon road between the cities of Massillon and Canton.   The defendant is operating said interurban electric railway by virtue of the authority and right which it claims to have as assignee or transferee under a certain resolution passed by the commissioners of Stark county on or about February 22, 1892, and recorded on pages 17, 18 and 19 of Volume 8, commissioner's journal of Stark county, and which resolution is set out in full in said petition.   In said resolution it is resolved, that the right is thereby granted to William A. Lynch, and to such railroad

company as he may cause to be incorporated for that purpose, to locate, construct, maintain and operate an electric railroad along either side of said road running between Canton and Massillon between the line of the Canton street railway and the corporate limits of the city of Massillon. Then the petition proceeds to describe the manner of constructing said railway under said resolution and the condition that said William A. Lynch, or the railroad company, before commencing any part of said work should enter into a bond in the sum of ten thousand dollars, conditioned for the faithful performance of the conditions enjoined upon them by said resolution; it being further understood and provided that said William A. Lynch, or the railroad company, before commencing any part of said work, should enter into bond in the sum of five thousand dollars, conditioned that said William A. Lynch or said railroad company should keep said county and said board perfectly harmless from any and all liability to abutting property owners, growing out of the construction of said road. Said resolution was adopted and entered under the minutes of February 22, 1892.

On the margin of page 18 of said commissioners' record is written, with red ink, "Transferred to Canton-Akron Ry. Co. July 2, 1902. W. M. Reed, Auditor."

Plaintiff avers that said resolution under which defendant is operating its electric interurban railway is silent as to duration, and is indeterminate, and exists only so long as the parties thereto mutually agree. That the board of commissioners, being the same authority originally granting said resolution under which defendant is operating its electric interurban railway, on or about March 27th, 1912, adopted by a unanimous vote of the members of said board, a resolution which is set out fully in the petition. Said resolution, among other things, provided that whereas an electric railroad is being operated on the public highway between Canton and Massillon by the Northern Ohio Traction & Light Company, under the right conferred by a former board of county commissioners by virtue of a resolution passed February 22, 1892, in favor of William A. Lynch, and such railroad company as he might cause to be incorporated, said electric railroad is not being operated under any regular franchise. The fare charged by said company at the present time is

twenty-five cents per round trip, between Canton and Massillon, or fifteen cents one way, and no transfers are given for transportation on either of the city lines in Canton or Massillon in connection with said above mentioned fare. It is declared in said resolution that in the opinion of said board of commissioners the sum of ten cents for the fare one way between said cities of Canton and Massillon, with the privilege of a transfer on all lines operated by said company in either of the cities of Canton or Massillon, would be a fair compensation for transporting people the distance of eight miles between the two cities, and that the sum of five cents for the fare one way from Reedurban or any intermediate points to either the city of Canton or the city of Massillon, with the privilege of similar transfer as mentioned above would be a fair compensation for transporting the people said distance. Therefore said board resolves that unless said the Northern Ohio Traction & Light Company comply with the above mentioned matters of reduction of the amount of fare charged for transporting people between the cities of Canton and Massillon and their intermediate points, together with a transfer on the city lines of Canton and Massillon, on or before the 27th day of April, 1912, the said grant given to said William A. Lynch, on February 22, 1892, to operate an electric railroad between said cities of Canton and Massillon, is hereby declared terminated and the prosecuting attorney of this county is hereby instructed to take such legal proceedings as may be necessary to have said grant made null and void, and the said electric railway removed from said public highway between said cities of Canton and Massillon.

Immediately upon the adoption of said resolution said board notified said defendant company of its election to terminate said franchise unless certain conditions, in said resolution and notice contained, were complied with by said defendant by the 27th day of April, 1912. It is averred that said defendant company failed to comply with the conditions named in the notice and resolution by the 27th day of April, 1912, and that said election to terminate the right of the defendant to operate said interurban railway became operative on said 27th day of April, 1912. It is further averred that the defendant has wholly refused, and still refuses and fails to comply with the conditions of said

resolution and notice.   It is further averred that on or about the
— day of April, 1912, said board of commissioners reaffirmed
its election to terminate said franchise and the right of defend-
ant to operate its electric interurban railway between Massillon
and Canton, by adopting, by a unanimous vote of the members
of said board, a resolution which, among other things, provided
that, a proposition is submitted to said board on the 26th day of
April, 1912, at 3 :40 o'clock P. M., by Mr. Charles Currie, gen-
eral manager of the Northern Ohio Traction & Light Company,
that the public highway between the cities of Canton and Massil-
lon be widened from the width of 66 feet to the width of 100
feet; and further provided that a franchise be given the defend-
ant company for a double track electric railway to be constructed
in the center of the highway, with center pole construction, with
the further provision that said franchise extend for a period of
twenty-five years, and that the cities of Massillon and Canton
extend their franchises to said company so as to expire at the
same time as the said proposed twenty-five year county franchise
expires.   If said proposition were accepted by said board of
commissioners said company further proposed certain terms to be
incorporated in said proposed twenty year franchise.   It is fur-
ther averred that a majority of the owners of land lying along
said public highway are opposed to any widening of said road
and it would be a useless and extravagant expenditure of the pub-
lic funds of the county and would be doing a wrong to the tax-
payers over the entire county for said board to pay one cent
towards said widening of said public highway for the purpose of
giving said defendant company a double track on said highway.
And it further averred that whereas said board had formerly
passed a resolution on March 27th, 1912, which provided that un-
less the said company meet the demands of said board in regard
to the question of fare, etc., a former resolution passed in Febru-
ary, 1892, whereby said company was given the right to construct
and operate said electric railway, as at present operated, would
be annulled and rescinded.   Therefore the said proposition as
submitted by the said defendant company was rejected.   It is
further averred that whereas, in consideration of the fact that
the defendant company is operating an electric railway on the
public highway between the cities of Canton and Massillon, and

since submitting the above proposition has made no statement or agreement to the effect that the demands of this board, as set forth in a resolution passed March 27th, 1912, would be complied with, therefore that in the event that said demands of the board are not met by said company on or before the time mentioned in said resolution of March 27th, 1912, the prosecuting attorney be and is hereby instructed to immediately proceed to have injunction proceedings filed against said company restraining said company from operating said electric railway on said public highway between the cities of Canton and Massillon or running cars thereon, and to further compel said defendant company to remove said railway from said public highway. It is further averred that said resolution provided that the same be contingent upon and in accordance with the conditions of said resolution passed by said board on March 27th, 1912. It is further averred that shortly after the passing of said resolution of said commissioners, recorded in Volume 8, commissioners' journal aforesaid, that the Canton-Massillon Electric Railway Company, an Ohio corporation, was organized by William A. Lynch under the terms of said grant, and it did operate on said franchise and grant. The plaintiff further avers that the rights and privileges contained in said grant were personal to said William A. Lynch, the grantee, and the Canton-Massillon Electric Railway Company, organized by said William A. Lynch, for operating under said grant and franchise could not be assigned under the terms and conditions of said grant without the consent and authority, and additional action of said board of commissioners. It is further averred that at the time of the assignment to the Canton-Akron Railroad Company said consent was not granted.

The plaintiff therefore contends and asks that, by reason of the matters and things set forth in the petition, the defendant company be required and compelled to answer by what warrant it claims to have the use of and to enjoy the rights, privileges and franchises used and exercised by it on the operation of its said interurban electric railroad between the cities of Canton and Massillon; and that it be ousted from exercising the same and be compelled to remove its tracks and switches from said road between said cities.

To this petition, upon leave granted to the defendant, it filed a special and also a general demurrer to said petition, setting forth in the special demurrer that:

1. That this action was not brought within the time limited for the commencing of the same.

2. That this action is barred by laws of Ohio, and was not commenced within the time prescribed and provided for therein, and is therefore barred by the statute of limitations placed upon such action.

For its general demurrer the defendant sets forth five grounds, namely:

1. That the petition does not state facts sufficient to constitute a cause of action against the defendant.

2. That the petition does not state facts sufficient to entitle the plaintiff to the relief prayed for.

3. That this court has not jurisdiction to hear and determine this action or to grant the relief prayed for therein.

4. That this action is barred by the statute of limitations.

5. That the plaintiff has no legal capacity to try or to bring suit.

This cause was submitted to this court on the demurrers of the defendant.

The plaintiff sets out at great length the various proceedings had by the commissioners of this county in regard to the occupancy of said road by said defendant company.

The action is a very important one, not only as to the property rights involved but also as to the interests of the general public therein. The case has been ably argued, both by written briefs and in oral argument. In the short time that the court has had to consider the questions submitted on the demurrers, it can not be expected that the court will enter into extended reasons for the conclusions it has reached, but its conclusions will have to be in many respects dogmatically announced for want of time to give the reasons therefor. In stating the facts set forth in the petition we have epitomized on analysis of the petition in order to present the material questions raised by the demurrers in the case.

It is contended by the plaintiff that the resolution adopted by the board of commissioners on February 22, 1892, granted to

William A. Lynch and to such railroad company as he might
cause to be incorporated for that purpose the right to locate,
construct, maintain and operate an electric railroad along said
highway running between the cities of Canton and Massillon.

It is contended that this resolution, if it is to be considered as
a contract, is only personal to William A. Lynch, and therefore
could not be transferred or assigned by him to any other person
or corporation, for the reason that it lacked terms in the grant
that would authorize the transfer by him of said privileges
granted to him by the resolution of February 22, 1892.   In other
words, the omission of the words "successors or assigns" made
the contract or grant only personal to said William A. Lynch and
an assignment or transfer of the grant by him to any person or
corporation would be void.

The covenant or grant given by the county commissioners to
said William A. Lynch, and to such railroad company as he
might cause to be incorporated to locate, etc., an electric railroad
on said road or highway, was authorized by a statute in force at
the time the grant was given, said statute being Section 3438,
Revised Statutes, now Section 9101, General Code of Ohio, and
is a covenant or grant that runs with the land or subject-matter
of the contract, and the word "assignee" or the word "assigns"
is not necessary to make the covenant effective as to all persons to
whom the property or rights pass.

In *1 Smith's Leading Cases*, 208, it is said:

"It may be observed that the question of whether it is neces-
sary to covenant for assigns as to anything not *in esse* at the time
of the covenant discussed in the first and second resolutions of
the leading case, has generally been passed over lightly in this
country, and the use of the word 'assigns' considered of little
importance, if an intention that the covenant run can be gathered
from the whole instrument."

In *Masury* v. *Southworth et al*, 9 O. S., 352, the Supreme
Court, in passing upon the question as to the necessity of the use
of the word "assigns" in connection with the covenant which
runs with the land, said:

"The important consideration is whether the covenant is an-
nexed to the estate and runs with the land.   If this be so the

rights and liabilities of those who take the estate and possess the land during the term, flow from a privity of estate and not from any assignment of right or contract. If the covenant does not run with the land, no words of assignment can create a privity of estate; if a privity of estate be created no words of assignment are necessary.''

The language of the grant given to William A. Lynch in the resolution of February 22, 1892, granted to him and to such railroad company as he might cause to be incorporated, the right to locate, construct, etc., an electric road on said public highway. We are of the opinion that it was not a mere personal grant to Mr. Lynch to be confined to his rights under the grant, but that the grant in this case, under this resolution, was a grant securing to Mr. Lynch the right to transfer the same to a third person or to a corporation.

There being no conditional limitations upon the powers of the commissioners granting the franchise, they could grant privileges which were perpetual or for a definite period which might extend beyond the corporate life of the grantee. Since in this grant there was no time limit the privileges are perpetual. When under power in a franchise or contract rights have been acquired and become vested, no amendment or alteration of charter or contract can take away the property or rights vested under the legitimate exercise of the powers granted.

''Property rights acquired under and by virtue of franchises thus granted are perpetual, unless otherwise limited in the grant; and there was no limit in this case, and this franchise is not void, as a consequence thereof.'' *Booth on Street Railroads,* Section 17, and authorities there cited.

It is further contended that the grant to Mr. Lynch was without a time limit and therefore a mere grant at will, and that the commissioners could terminate the same at any time they saw proper to do so.

In support of this contention on the part of the plaintiff, we are cited to the 81st O. S., pages 33 and 53, as sustaining this contention.

We are of the opinion that the case of *East Ohio Gas Company* v. *City of Akron,* 81 O. S., *supra,* does not apply in this case. That a corporation like the corporation in the 81st O. S., is of

a different nature than a corporation for public service, such as a railroad company or an electric railroad company, and therefore the principles announced in the 81st O. S., do not apply, but rather the principle recognized in the case of *State, ex rel Taylor,* v. *The Columbus Railway Company,* 1 C.C.(N.S.), page 145, does apply in this case. In that case it is held, that a franchise or privilege to construct and operate said railway granted and consented to without limitation of time, is perpetual, subject only to be terminated by the General Assembly, under Section 2, Article I, or Sections 1 and 2 of Article XIII, of the Constitution of the state. Consent given without limitation of time to a corporation is not always revocable even by legislative authority. The case of *City of Detroit* v. *Detroit & F. Plankroad Company,* 43 Mich., 140, we cite, in which Judge Cooley says:

"It can not be necessary at this date to enter upon a discussion in denial of the right of the government to take from either individuals or corporations any property which they may rightly have acquired."

The commissioners in this case, having granted to William A. Lynch the right to occupy said public highway, fixing no time limit for its occupancy and permitting improvements to be made with reference thereto, are without authority to revoke said right and the grant is indeterminate.

The only complaint made by the commissioners against the defendant company is that it charges an excessive rate of fare between Canton and Massillon for a round trip, and for a single trip, and no privilege of transfers is given. In other words, there is no complaint by the commissioners of any violation of any privilege or grant given to Mr. Lynch or a corporation to be organized by him, or its successors, as to any act done by it, or the omission of any act to be done by it, but the complaint is as to the excessive charges for fare complained of in the resolution of March 27th, 1912.

As a relief for this complaint, the Legislature has provided, we believe, the exclusive remedy for such complaint, and that is to apply to the Railroad Commission under favor of the act of the Legislature found in Volume 102 Ohio Laws, pages 553, 556

and 557, and if we are right in this conclusion the plaintiffs have no standing in this court and are not entitled to the relief prayed for in their petition.

But, if we are wrong in this conclusion there is another reason why the plaintiff is not entitled to the relief asked for in his petition, and that is for a forfeiture of the charter and grant under which said defendant is operating said railroad. Under the resolution of February 22, 1892, there is no provision or condition of forfeiture contained in said resolution, and the resolution, being a contract between the parties, unless it provided an express condition of forfeiture, no condition of forfeiture by implication can be exercised by the board of commissioners. If the contract made with the commissioners and Mr. Lynch, by resolution of February 22, 1892, is to be considered as a contract of lease, and makes no provision for forfeiture for failure to comply with any express condition, it can not exercise the right of forfeiture by any implied covenant or condition not expressed in the resolution or contract. As no conditions of forfeiture are expressed in the resolution or contract none can be implied. There is no implied or express covenant in the resolution of February 22, 1892, for a forfeiture of said grant for a breach of any covenant contained therein. Therefore, we hold that there is no ground for a forfeiture of the grant secured by Mr. Lynch or enjoyed by said defendant company as his successor or assign, but even assuming that the board of commissioners has the authority to declare a forfeiture of said grant, have they so declared? You can search the various resolutions adopted by the board of commissioners at different periods but you will fail to find any unconditional declaration of forfeiture of said grant, but what they have done has been conditional and uncertain as to forfeiture, and as their pleading is to be tested by the facts alleged in the petition, let the facts not alleged be as they may, they are to be construed most strongly against the pleader. Therefore the fact not being alleged that there has been a forfeiture, in testing it on the demurrer it is to be construed most strongly against the plaintiff, and therefore it is to be construed as though the allegation was that there was no forfeiture on the part of the plaintiff. That being so, the petition does not state facts sufficient to constitute a cause of action in this case.

It is contended by the defendant that the plaintiff's cause of action is barred by the statute of limitations and our attention has been called to Section 12340 of the General Code of Ohio, in support of this contention.

Upon a careful reading of this section it will be noticed that nothing contained in the chapter in *quo warranto* shall authorize an action against a corporation for forfeiture of charter, unless it be commenced within five years after the act complained of was done or committed. As we have seen the only complaint made in the petition upon which a forfeiture could be based is the excessive fare charged by the defendant company, but just when said company commenced to charge its excessive rate of fare is not declared by the petition, and as the ground of demurrer for limitation must appear on the face of the petition, it does not clearly appear in this case as to when the defendant company commenced to charge this excessive rate of fare. Therefore, the ground of demurrer as to the statute of limitations is not well taken. For that reason the same is overruled, as the statute for forfeiture in such case would require the action to be commenced within five years after the act complained of was done or committed.

It is contended by the defendant that the action is barred by said section on the ground that the twenty year statute bars the action. The time in which the defendant company has exercised the franchise has not been twenty years, unless the time that the defendant company has enjoyed said franchise can be tacked on to the time exercised by its predecessors in title.

We are of the opinion that this can not be done. That period must embrace the time that the defendant company has enjoyed said franchise independent of the time enjoyed by its predecessors in title.

"The general rule is that possession can not be tacked on to make out title by prescription, where the deed under which the last occupant claimed title does not include the land in dispute. It must clearly appear in the deed that the particular premises were embraced in the deed or transfer in whatever form it may have been made." *1 Enc. Law and Procedure*, 1007.

In other words, where the party occupying is not claiming under any color of title, but simply by occupancy, such party

must be in possession during the required period of limitation. Therefore, it not appearing in the petition that the defendant company has been in possession twenty years without tacking on to the possession of its predecessor in title, namely, Mr. Lynch and his successors, the defendant is not entitled to the contention that this action is barred by the twenty years limitation provided for in Section 12340.

Therefore, the demurrer as to the statute of limitations is overruled; but we hold that the general demurrer is well taken, and that the plaintiff has no cause of action and that the plaintiff has not the legal capacity to bring this action. Therefore, the general demurrer is sustained on the ground that the petition does not state facts sufficient to constitute a cause of action, and the special demurrer that the plaintiff has not the capacity to bring the action is also sustained.

In the event that the plaintiff does not desire to plead further by amendment, the petition of the plaintiff will be dismissed at the cost of the plaintiff. Exceptions may be noted.