17-2701
*United States v. Bombino (Persico)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            JOHN M. WALKER, JR.,
                        *Circuit Judge*,
            VICTOR A. BOLDEN,
                        *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                    v.                                    No. 17-2701

JAMES C. BOMBINO, ALICIA DIMICHELE, AKA Alicia Garofalo, EDWARD GAROFALO, JR., AKA Bobble, AKA Tall Guy, THEODORE N. PERSICO, JR., AKA Skinny, AKA Teddy, THOMAS PETRIZZO, LOUIS ROMEO, MICHAEL D. SCIARETTA, AKA Mike LNU, ANTHONY PREZA, FRANCIS GUERRA, AKA BF,

                        *Defendants,*

MICHAEL J. PERSICO,

                        *Defendant-Appellant.*

_____

[*] Judge Victor A. Bolden, United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellant:    MARC FERNICH, Law Office of Marc Fernich (Sarita Kedia, Sarita Kedia Law Offices, *on the brief*), New York, NY.

For Appellee:    ALLON LIFSHITZ (Amy Busa, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Persico appeals from a final judgment entered by the district court (Irizarry, *C.J.*) on August 25, 2017, following his guilty plea to a single count of conspiring to make an extortionate loan. On appeal, Perisco principally challenges the denial of his motions to withdraw his plea on the grounds that the government breached his plea agreement, there was an insufficient factual basis for his guilty plea, and he did not adequately understand the charge to which he pleaded guilty. We review Persico's arguments concerning the plea agreement "*de novo* and in accordance with principles of contract law," *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002), while we review the district court's decision regarding the adequacy of the factual basis for Persico's plea allocution for "abuse of discretion," *United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In pertinent part, Persico's plea agreement provided that the government would "take no position concerning where within the Guidelines range determined by the Court [his] sentence should fall" and "make no motion for an upward departure under the Sentencing Guidelines."

2

App. 116. Persico first contends that the government breached these provisions by informing the Probation Department that it could prove criminal conduct for which Persico was not convicted by a preponderance of the evidence. Assuming *arguendo* that the government did so,[1] the plea agreement nevertheless would not have been breached. The provisions of the plea agreement on which Persico relies refer only to advocating to the district court after it determines the applicable Guidelines range and make no mention of earlier communications with the Probation Department. More importantly, elsewhere the plea agreement provided that the government would "advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence." *Id.* at 110. That is precisely what occurred.

The government also did not breach the plea agreement in connection with Persico's *Fatico* hearing. Although Persico believes that the government somehow improperly "goaded" the district court into holding such a hearing, Persico Br. at 24, that is belied by the record. The government made clear that it was not requesting a *Fatico* hearing; instead, the hearing was ordered *sua sponte* by the district court. *See United States v. Persico*, 266 F. Supp. 3d 632, 634 (E.D.N.Y. 2017); *United States v. Persico*, No. 10 Cr. 147, 2015 WL 893542, at *6 (E.D.N.Y. Mar. 2, 2015). Once the district court did so, the government was entitled to provide it with relevant evidence and argument. *See United States v. Dykes*, --- F. App'x ---, 2018 WL 1083047, at *3 (2d Cir. 2018) ("[T]he government does not violate a plea agreement if it provides information in response to a sentencing judge's request." (citing *United States v. Goodman*, 165

---

[1] Persico provides no record citation as to where or when this supposedly occurred. As noted by the district court, "[t]he sole basis for [this] argument appears to be a single line in the Pre-sentence Report which states, in pertinent part, that 'the Government maintains it can prove by a preponderance of the evidence that Michael J. Persico was involved in several additional significant crimes.'" *United States v. Persico*, 61 F. Supp. 3d 257, 265 (E.D.N.Y. 2014) (quoting PSR at 14). Accordingly, like the district court, we assume for purposes of this appeal that the United States Attorney's Office made such a representation to the Probation Department. *See id.*

F.3d 169, 173 (2d Cir. 1999) (finding no breach where "it was [the sentencing judge], not the Government, who raised questions" and "directed the Government to provide him with the pertinent information, which was clearly within his power")); *cf. United States v. Vaval*, 404 F.3d 144, 154 (2d Cir. 2005) ("[T]he provision of requested legal and factual information to the court . . . is an essential function of the government at sentencing.").

Nor did the government implicitly advocate for an improper sentence through its choice of words in either submissions or oral arguments to the district court. Although the government may have engaged in some editorializing, it hewed to the plea agreement by consistently advising the district court that it was seeking a sentence within the Guidelines' recommended range.

In arguing that the government implicitly engaged in improper advocacy, Persico primarily cites as examples phrases used by the government at his sentencing hearing and in a letter submitted to the district court on January 19, 2015. Yet that four-page letter reiterated no fewer than four times that the government was seeking a Guidelines sentence. Similarly, at Persico's sentencing hearing the government initially stated that it was "generally content to rely on the written records" in which it was "asking for a sentence in the guidelines range." App. 305-06. It was only after a lengthy argument from Persico in favor of a sentence below the Guidelines range that the government responded with the language about which Persico now complains. Yet even at that juncture the government made clear that it was opposing Persico's "requested sentence, a sentence below the guidelines range," and concluded its remarks by arguing that "a sentence within the guidelines range is necessary." *Id.* at 322. "[N]othing in the plea agreement barred the government from forcefully advocating for a sentence [within] the range" and it was "thus free to argue in a manner casting pejorative light on the defendant and his criminal

4

activity," particularly after the defendant "opened the door to this response when he attempted to characterize the criminal scheme in a manner favorable to himself." *United States v. Amico*, 416 F.3d 163, 165-66 (2d Cir. 2005); *see also*, *e.g.*, *Riera*, 298 F.3d at 135-36 (finding that a letter "contain[ing] a few ill-advised descriptive words" that "did not explicitly advocate a departure" from Guidelines' recommendation did not violate plea agreement where government "repeatedly told the district court that it had not intended and was not advocating a departure").

Next, Persico argues that there was no factual basis for his guilty plea. *See* Fed. R. Crim. P. 11(b)(3). Persico pleaded guilty to conspiring in violation of 18 U.S.C. § 371, which requires "(1) an agreement between two or more persons to commit an unlawful act; (2) knowingly engaging in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and (3) commission of an 'overt act' by one or more members of the conspiracy in furtherance of the conspiracy." *United States v. Reyes*, 302 F.3d 48, 53 (2d Cir. 2002). The unlawful act in question was the making of an "extortionate extension of credit," which is defined as "any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment . . . could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(6); *see also* 18 U.S.C. § 892(b). "In making its factual-basis determination, the court is not required to rely solely on the defendant's own admissions," *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997), but rather it may also "look to answers provided by counsel for the . . . government, the presentence report, or whatever means is appropriate in a specific case—so long as the factual basis is put on the record," *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (internal quotation marks and alterations omitted)).

We find that there was a factual basis for Persico's guilty plea. In particular, it was stated on the record at Persico's plea allocution that he "arranged for someone to extend [a] $100,000 loan" at "a rate of interest in excess of the annual rate of 45 percent per year" to debtors who "believed that Mr. Persico and his coconspirators had a reputation for the use of extortionate means to collect extensions of credit," App. 141-42, and that "his coconspirators reasonably believed at the time that they . . . would use extortionate means to collect an extension of credit," *id.* at 144. These facts, which were not disputed, allowed the district court to conclude that Persico's conduct "is in fact an offense under the statutory provision under which he [pleaded] guilty." *Maher*, 108 F.3d at 1524.

Persico's arguments to the contrary are unavailing. First, he makes several assertions of fact that support his actual innocence. "These arguments could have been made to a jury if [he] had not pleaded guilty," but "they have been waived" for purposes of the appellate process because "[q]uestions that a defendant might raise as to which of competing inferences should or might be drawn, or whether there are innocent explanations for behavior that could be viewed as culpable, do not survive his plea of guilty." *Id.* at 1528-29.

Second, Persico argues that he did not expressly concede the facts proffered by the government at his plea allocution. But his express agreement with the government's representations was not necessary so long as he did not "actively contest[] a fact constituting an element of the offense." *United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012).[2]

---

[2] The only aspect of the record that Persico challenged whatsoever at his plea allocution was what his counsel referred to as the superseding information's "extraneous language about the Colombo family," which was "not something that Mr. Persico agree[d] to or [was] allocuting to." App. 143. As an initial matter, merely declining to agree with the government's allegations—without providing a basis for any disagreement with the allegations or expressly denying them—is an ambiguously neutral position that falls short of active disagreement. *See Culbertson*, 670 F.3d at 190 & n.3. Moreover, Persico argued that such allegations were "extraneous" precisely because they were not "part and parcel of the charge" to which he pleaded. App. 143. Accordingly, he cannot now argue that a factual basis was necessary for such "extraneous" allegations.

6

Third, Persico contends that there was no evidence that he had the requisite intent to have conspired in an extortionate extension of credit. Direct evidence of his intent was not necessary, however, as it could reasonably be inferred from the acknowledged terms of the loan itself. *See United States v. Lombardozzi*, 491 F.3d 61, 71 (2d Cir. 2007) ("[A] jury may permissibly infer that someone who makes an unsecured loan and charges exorbitant interest rates surely intends to back up the loan with threats of violence.").

Finally, Persico maintains that the district court failed to ensure that he understood the nature of the charge to which he pleaded guilty. Aside from a discussion regarding general propositions of law, the sum total of Persico's argument concerning his lack of understanding consists of a single sentence that is written at a high level of generality. By failing to elaborate further, Persico has waived this contention. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)). Even if that were not so, we would nevertheless find no flaw in the lengths to which the district court went at Persico's plea allocution in order to comply with Fed. R. Crim. P. 11(b)(1)(G).

We have considered all of the defendant's arguments on this appeal and find in them no basis for vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7