**UNITED STATES of America,**
**Appellee,**

v.

**Huang Ming JIE, Defendant–Appellant.**

**No. 00–1334.**

United States Court of Appeals,
Second Circuit.

Aug. 14, 2001.

Jay L. Tritz, New York, NY, for appellant.

Andrew C. DeVore, Assistant United States Attorney; Bart G. Van De Weghe, Assistant United States Attorney and Mary Jo White, United States Attorney, of counsel, Office of the United States Attorney for the Southern District of New York, for appellee.

Present CABRANES, POOLER and SACK, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

JUDGED, AND DECREED that the judgment of the District Court be and is AFFIRMED.

Huang Ming Jie appeals from an April 18, 2000 judgment of conviction by the United States District Court for the Southern District of New York following Huang's plea of guilty to *inter alia,* one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. He claims that the District Court did not have a sufficient factual basis, as required by Rule 11(f) * of the Federal Rules of Criminal Procedure, to accept his plea of guilty to one count of violating 18 U.S.C. § 924(c) under an aiding and abetting theory of liability.

For the reasons set forth below we hold that the District Court did not abuse its discretion in accepting Huang's plea of guilty.

## I.

Huang Ming Jie was arrested on July 19, 1995 and an information was subsequently filed against him in four counts. Count One charged him with seizing and detaining another person in order to extort money from a third person, in violation of 18 U.S.C. §§ 1203(a) and 2. Count Two charged him with seizing and detaining five persons in order to extort money from a third person, again in violation of 18 U.S.C. §§ 1203(a) and 2. Count Three charged him with aiding and abetting the use and carrying of a firearm during and in relation to the crime charged in Count Two above in violation of 18 U.S.C. §§ 924(c) and 2. Count Four charged Huang with using a paging device in interstate commerce with the intent to commit

a murder for hire in violation of 18 U.S.C. §§ 1958 and 2.

Count Three and the facts underlying it are at issue in this appeal. On March 4, 1994, Huang participated in a kidnaping of five persons. He, together with his associates, abducted the victims at gunpoint and held them against their will for three days until ransom was paid. This kidnaping was the predicate crime for the 18 U.S.C. § 924(c) violation to which Huang subsequently pleaded guilty.

At the plea allocution, Huang admitted that he had participated in the planned armed kidnaping of five persons. His defense counsel stated that when the targets came into view, Huang "called a coconspirator" and alerted his associates. Huang also admitted that he knew that his associates would have guns in order to effectuate the kidnaping. The government's offer of proof was that Huang arranged the armed kidnaping and held the targets against their will. The Rule 11 transcript is instructive on these points:

> THE COURT: Now, Count three charges you ... with using a firearm during and in relationship to a crime of violence.... What did you do in connection with this offense ... ?
>
> THE DEFENDANT: I did not use a firearm, but I have knowledge that the other people had the guns.
>
> THE COURT: Is he [Huang] charged here [the 924(c) violation] with aiding and abetting?
>
> [The Government]: Yes, your Honor, Section 2 is charged.
>
> THE COURT: The government's theory is that he assisted other people *in actually using guns?* (emphasis added)

---

* Rule 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

[The Government]: Yes. In Counts two and three, the government's proof is that he arranged the kidnapping with a band of eight to ten gangsters, grabbed these five victims at gunpoint. He knew about it and did the kidnapping and held the people against their will.

The defense did not object, and the District Court, having already accepted the pleas to two earlier counts, moved on to consider, and accept, the plea with respect to the remaining count.

The District Court principally sentenced Huang on April 13, 2000 to concurrent terms of forty-eight months' imprisonment on counts one, two and four and a consecutive term of sixty months' imprisonment on count three (for a total of 108 months' imprisonment), with a term of supervised release of five years. This timely appeal followed. Huang does not challenge the District Court's findings with respect to counts one, two and four, nor the concurrent terms imposed thereon. Rather, he challenges the Court's findings on count three, on which the Court imposed a consecutive sentence of sixty months.

## II.

A district court, at the plea allocution, must "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." FED.R.CRIM.P. 11(f). The court is "free to rely on any facts at its disposal—not just the admissions of the defendant." *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir.1975). The court may rely upon the representations of the Government, the specific factual allegations in the indictment, and the plea allocution to determine the factual basis for the plea. *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir.1999); *United States v. Maher*, 108 F.3d 1513, 1524–1525 (2d Cir.1997). We review a district court's determination that a sufficient factual basis exists to support a

guilty plea for an abuse of discretion. *United States v. Smith*, 160 F.3d 117, 122 (2d Cir.1998).

We conclude that the District Court did not abuse its discretion in finding that Huang was guilty of aiding and abetting a violation of 18 U.S.C. § 924(c). To find a defendant guilty of aiding and abetting a § 924(c) charge, it must be shown that he knew "of the underlying crime, [ ] had an interest in furthering it, and consciously . . . assisted others in the use or carrying of weapons in the underlying crime." *United States v. Persico*, 164 F.3d 796, 802 (2d Cir.1999).

Huang argues that his activity was no more culpable than that of the defendant in *United States v. Medina*, 32 F.3d 40 (2d Cir.1994). In that case, we found that a defendant, who merely *knew* that a firearm would be used or carried in a crime of violence and who performed an act to facilitate or encourage the underlying crime could not be convicted under an aiding and abetting theory. *Id.* at 45. The defendant in *Medina* had planned to rob his former place of employment with a number of associates. One of those associates informed the police, who arrested the defendant prior to the occurrence of the crime. We held, under the particular circumstances of that case—where the defendant knew guns would be used in the robbery, gave a gun to one of the robbers (who did not use or carry the weapon during the attempted robbery), and was not present at the scene of the attempted crime—that the defendant could not be convicted of aiding and abetting a violation of § 924(c). *Id.* at 46. Huang asserts in the instant appeal that his actions were even less significant than those of the defendant in *Medina* because he (Huang) simply served as a "lookout" for the kidnappers and merely alerted the kidnappers to the impending approach of the targets. In these

asserted circumstances, Huang claims, the District Court abused its discretion in finding that a factual basis existed to support the aiding and abetting charge in the third count.

We find this argument unpersuasive. The District Court considered all the "facts at its disposal," *Irizarry*, 508 F.2d at 967, not solely Huang's admission that he had "knowledge that the other people had the guns." At the Rule 11 hearing, the District Court asked the government directly if its "theory [was] that he [Huang] assisted other people in actually using guns." The government responded by making an offer of proof that Huang arranged the kidnaping and held the victims against their will. No objection was made to this offer of proof. "All that is required to prove aiding and abetting is some act directly facilitating or encouraging the use or carrying of a firearm." *United States v. Pipola*, 83 F.3d 556, 565 (2d Cir.1996) (holding aiding and abetting proved where defendant "designed the plans for two robberies and these plans, including the use of firearms, were effectuated through the acts of his co-conspirators."). Certainly, the District Court did not abuse its discretion in finding that Huang's actions met this standard. Huang confessed in open court that he knew his co-conspirators were bearing firearms; he admitted under oath to initiating the armed kidnapping; and he did not deny his role in its arrangement. It therefore follows that he facilitated and encouraged the use or carrying of a firearm. Huang's "heavy reliance on *Medina* is misplaced." *Id.*

For the reasons stated above, the judgment of the District Court is AFFIRMED.