**UNITED STATES of America,**
**Appellee,**

v.

**Digny Recio FRANCO, Defendant.**

**Rafael Urena, Defendant–Appellant.**

**No. 05–6833–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Michael Hurwitz, Hurwitz, Stampur & Roth, New York, NY; Rafael Urena (Pro se), for Petitioner.

Thomas G.A. Brown, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Rafael Urena appeals from a sentence of 135 months imposed by the United States District Court for the Southern District of New York (Daniels, *J.*) following a plea of guilty to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

We review sentences for reasonableness, which is akin to review for abuse of discretion. *United States v. Fernandez,* 443 F.3d 19, 26–27 (2d Cir.2006). "Reasonableness is defined not only by the length of the sentence but also by the process the district court used to determine the sentence...." *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006).

Urena raises two challenges to the district court's guidelines calculation: 1) the imposition of a two-level role enhancement under U.S.S.G. § 3B1.1(c), applicable where "the defendant was an organizer, leader, manager, or supervisor in any criminal activity" and 2) the refusal of the district court to depart downward from the Guidelines because Urena's arrest and indictment were the result of a "reverse-sting" operation by the government. In the post-Booker era, we review the district court's application of the Sentencing Guidelines by examining issues of fact for clear error and questions of law de novo. *United States v. Weisser,* 417 F.3d 336, 346 (2d. Cir.2005).

The district court applied a role enhancement based on its findings that Urena recruited co-defendant Digny Franco and others as participants in this endeavor and that Urena was the decision-maker in the planning and execution of the crime. To qualify for this enhancement, it is enough that a defendant managed, supervised, organized or led a single other participant. *United States v. Al–Sadawi,* 432 F.3d 419, 427 (2d Cir.2005); U.S.S.G. § 3B1.1 cmt. 2. "A defendant may properly be considered a manager or supervisor if he 'exercise[d] some degree of control over others involved in the commission of the offense ... or play[ed] a significant role in the decision to recruit or to supervise lower-level participants.'" *United States v. Burgos,* 324 F.3d 88, 92 (2d Cir.2003) (alterations in original) (quoting *United States v. Blount,* 291 F.3d 201, 217 (2d

**16**

Cir.2002)). There is ample evidence that Urena recruited at least one person-Franco-and that he instructed and directed Franco's participation in the crime. In light of the record, we can see no clear error in the district court's application of this enhancement.

■ Urena's challenge to the district court's denial of a downward departure also fails. A refusal to depart downward is generally not appealable and will only be reviewed "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006). The record is clear that the district court, in declining to depart downward, understood the scope of its authority but declined to exercise it.

■ Urena, in a pro se brief, has argued that his plea was not knowing and voluntary because he believed that he was admitting to only 5 kilograms of cocaine and was not informed of his right to have the actual drug quantity the government believed was attributable to him—50 kilograms of cocaine—proved to a jury as an element of the § 841 offense. Urena's claim, being raised for the first time on appeal, is subject to plain error review. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir.2006). At the time Urena pleaded guilty, the district judge informed Urena that he was pleading to a conspiracy involving *over* five kilograms of cocaine, that he was facing a maximum penalty of life imprisonment and that at trial "the government would have to prove each and every element or part of that offense beyond a reasonable doubt." The district

judge also informed Urena that the court had not yet determined the sentencing guideline range applicable to Urena's charges and that any estimates made by his attorney or the government could be wrong.

Urena was, therefore, properly informed pursuant to Rule 11(b)(1) of the Federal Rules of Criminal Procedure as to his sentencing exposure; the court's obligation to determine the applicable range under the sentencing guidelines; and his right to have a jury determine the *statutory* drug quantity—in this case five kilograms or more of cocaine, *see* 21 U.S.C. § 841(b)(1)(A)(ii)—as an element of the offense. *See United States v. Gonzalez*, 420 F.3d 111, 115 (2d Cir.2005) (noting that the *statutory* drug quantity is an element in § 841 offenses and must be proved to a jury or admitted by the defendant). Urena is under the mistaken impression that the government would be required to prove to a jury a specific quantity as opposed to the "five kilograms or more" indicated by the statute.[1] Since the statutory drug quantity was charged and pled to by Urena, and Urena was informed of his right to a jury determination as to the statutory drug quantity, we can find no plain error on those grounds.

We have considered Urena's other contentions and find them to be without merit.

For the foregoing reasons, we AFFIRM Urena's sentence and the district court's acceptance of Urena's plea.

---

1. Despite the fact that Urena only admitted to distributing five kilograms, the record-including transcripts of recorded conversations between Urena and the undercover FBI agent-clearly establishes that at least 30 kilograms of cocaine were involved in this crime. *See United States v. Smith*, 160 F.3d 117, 121 (2d.

Cir.1998) ("The factual basis of the plea required by 11(f) need not be drawn directly from the defendant. The judge may look to answers provided by counsel for the defense and government, the presentence report ... so long as the factual basis is put on the record." (internal citation omitted)).