UNITED STATES of America, Plaintiff–Appellee,

v.

Pedro **VARGAS,** also known as "Lilo," Defendant–Appellant.

No. 07–2490–cr.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

Daniel A. Hochheiser, New York, NY, for Petitioner.

Jonathan S. Kolodner, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, and Michael A. Levy, Assistant United States Attorney, of counsel), New York, NY, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. JED S. RAKOFF,* Circuit Judges.

## SUMMARY ORDER

Pedro Vargas appeals from a judgment of conviction entered May 1, 2007, following his plea of guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, to

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

wit, 300 grams of heroin. The district court sentenced Vargas principally to 46 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented by this appeal.

Citing the pleading requirements of Rule 11 of the Federal Rules of Criminal Procedure and related case law, Vargas argues that his guilty plea was not voluntary, and was premised on an inadequate factual basis.

Where, as in the instant case, a defendant did not claim a violation of Federal Rule of Criminal Procedure 11's pleading requirements at the time of the plea proceedings, we review the district court's decision for plain error. *See United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir.2006). We apply an abuse of discretion standard of review to the district court's conclusion that a defendant's guilty plea is premised on an adequate factual basis. *See United States v. Adams,* 448 F.3d 492, 498 (2d Cir.2006).

■ Vargas's involuntariness argument is without merit. There is no indication that the district court plainly erred in conducting the colloquy and accepting his plea. *See Torrellas,* 455 F.3d at 103. The court ensured that Vargas understood the proceedings, and inquired whether he was under any threat or duress, receiving an answer in the negative. Upon all parties' manifest acknowledgment that Vargas's initial statements may have been too equivocal to constitute a valid guilty plea to the charged offense's essential elements, the court ordered a recess at which time Vargas conferred with his counsel. Following that recess, in a question-and-answer dialogue with the court, Vargas admitted each element of the offense. His monosyllabic answers do not render the colloquy ineffective. *Id.* ("[T]here is no requirement that in order to rely on a defendant's answer in a guilty-plea collo-

quy to conclude that the defendant pleaded guilty knowingly and voluntarily, those answers must be lengthy and all-encompassing; a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to its consequences." (citations and some internal quotation marks omitted)).

■ Vargas's second argument also fails because his indictment was clear and specific, and the plea colloquy as a whole established a factual basis for a valid guilty plea to the requisite elements of an indictment for narcotics conspiracy. *See United States v. Smith,* 160 F.3d 117, 121 (2d Cir.1998). We have no basis to conclude that the district court abused its discretion in thereby entering a judgment of conviction. *See Adams,* 448 F.3d at 498. It is clear from the record that, following initial remarks that tended to minimize his conduct, Vargas explicitly conceded putting individuals in touch with one another to execute a drug deal, specifically pleaded as to the drug type and quantity, and specified the date and location of the offense. And not only was the district court's reliance on both parties' counsel to facilitate the proceedings permitted for purposes of establishing a factual record, *see Smith,* 160 F.3d at 121, but the government's possession of wiretap transcripts and confidential witness information inculpating Vargas—which had been included in the original complaint, and on the basis of which it was prepared to go to trial if necessary—made it permissible for the district court to infer that there was a sufficient factual basis for Vargas's guilty plea.

Accordingly, the judgment of the district court is hereby AFFIRMED.