UNITED STATES of America

v.

**Carlos SALTARES, Defendant.**

**No. 03 CR. 1432(VM).**

United States District Court,
S.D. New York.

Feb. 9, 2005.

---

Marc Peter Berger, U.S. Attorney's Office, New York, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Carlos Saltares ("Saltares") was charged in a two-count indictment (the "Indictment") alleging that he: (1) unlawfully, intentionally and knowingly possessed with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B); and (2) unlawfully, willfully, and knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Section 924(c)"). Saltares pleaded guilty to both counts on April 22, 2004.

Saltares filed the instant motion to withdraw his guilty plea as to the second count on November 8, 2004. He contends that the Court, in violation of Federal Rule of Criminal Procedure 11(b)(3),[1] failed to ascertain that there was an adequate factual basis for his guilty plea to the second count. For the reasons stated below, the Court denies Saltares's motion.

## I. BACKGROUND [2]

On November 18, 2003, agents of the Drug Enforcement Administration and of-

---

1. Federal Rule of Criminal Procedure 11(b)(3) states that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

2. The following factual summary derives from the Pre-sentence Investigation Report ("PSR"), the undisputed representations of the parties in their submissions, and the April

ficers of the New York Police Department ("NYPD") executed a warrant authorizing a search of the apartment of Saltares's co-defendant, Sonia Hued ("Hued"). Saltares had been storing some of his belongings in the apartment since early 2003 and stayed there occasionally. Both Saltares and Hued were present at the time of the search.

The search uncovered six cardboard boxes near a window in the living room that contained, among other things, substantial amounts of heroin and approximately 40 rounds of 9–mm ammunition. Outside the apartment, directly below the living room window, an NYPD detective found additional heroin along with a loaded Smith & Wesson 9–mm Lugar.

Hued, a minimal participant in the heroin trafficking scheme, pleaded guilty to an information charging her with making her apartment available for heroin trafficking. A month later, Saltares pleaded guilty to both counts in the indictment against him. Saltares now seeks to withdraw his guilty plea to the second count based on the contention that the factual basis of his plea allocution was insufficient to support the charge of possessing a firearm in furtherance of a drug conspiracy.

## II. *DISCUSSION*

Saltares does not deny that he possessed a firearm, nor that he possessed heroin with the intent to distribute it. Rather, Saltares argues that his plea to count two of the Indictment was factually insufficient because he "never admitted in his plea allocution to using the firearm in an active way to promote a drug trafficking conspiracy." (Memorandum of Law in Support of Pretrial Motions for Defendant Carlos Saltares, dated November 5, 2004, ("Def.'s Mem.") at 2.) Because Saltares's

argument does not address an amendment to Section 924(c) that broadened its application to include facts such as those to which Saltares admitted, his argument fails.

## A. *LEGAL STANDARDS*

### 1. *Plea Withdrawal*

█ If a court concludes that "there was no factual basis for a guilty plea after accepting it, the court should vacate the plea. . . ." *United States v. Smith*, 160 F.3d 117, 121 (2d Cir.1998). *See also Godwin v. U.S.*, 687 F.2d 585, 590–591 (2d Cir.1982) ("The failure to inform [the defendant] of the nature of the charges against him and the lack of a factual basis for his plea in light of his denial of criminal intent were substantial defects undermining the validity of the plea."). In order to establish a sufficient factual basis for a guilty plea, the court need not be satisfied that a jury would return a verdict of guilty, but must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Taveras*, 133 F.Supp.2d 298, 303 (S.D.N.Y.2001) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997)) (internal quotation marks omitted). To establish the factual basis, the court "may look to answers provided by counsel for defense and government, the presentence report, or whatever means is appropriate in a specific case—so long as the factual basis is put on the record." *Smith*, 160 F.3d at 121 (internal citations, quotations and alterations omitted).

### 2. *Firearm Possession*

Section 924(c) contains two disjunctive prongs. First, a defendant violates that

22, 2004 plea allocution. Citations to the plea transcript are indicated as "Tr."

section if he "(1) *used or carried* a firearm, (2) did so knowingly, and (3) did so during and in relation to a drug trafficking offense." *United States v. Cox,* 324 F.3d 77, 81 (2d Cir.2003) (emphasis added). Second, a violation of Section 924(c) occurs if the defendant *possessed* a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A) (emphasis added).

## B. *APPLICATION*

■ Saltares contends, and the Government does not deny, that he did not allocute to the "used or carried" prong of Section 924(c). Saltares's reading of the statute ends with this prong of Section 924(c), while the Indictment charges Saltares only with *possession* under the second prong. To be convicted under the "possession" prong of Section 924(c), Saltares must have (1) possessed a firearm (2) in furtherance of a drug trafficking crime. Saltares clearly admitted to both of these elements in his plea allocution. He stated that he "possessed a firearm in furtherance to the drug trafficking." (Tr. at 21.) In addition, in response to the Court's subsequent question whether his possession of the firearm was in furtherance of the drug trafficking crime to which he allocuted, Saltares replied in the affirmative. (*See* Tr. at 22.) The Court then inquired a second time, and in simplified language, whether "the purpose of the firearm was for the drug trafficking offense." (*Id.*) Saltares replied: "Yes." (*Id.*)

Saltares's explicit statement that he possessed a firearm in furtherance of a drug trafficking crime as well as his affirmative replies to the Court's repeated questioning regarding this element provide an ample factual basis for Saltares's guilty plea to count two of the Indictment. *See, e.g., United States v. Boggio,* 94 CR 313, 1995 WL 77722, at *3 (S.D.N.Y. Feb. 23, 1995) (holding that the defendant's "affirmative

responses to his counsel's inquiry and his acknowledged comprehension of the charges contained in Count Three, . . . amply demonstrate[d] a factual basis for his plea of guilty to that count."); *United States v. Fellus,* 573 F.Supp. 615, 621 (S.D.N.Y.1983) (finding a sufficient factual basis for a guilty plea where "the allegations essential to establishing [the defendant's] liability were presented to [him] clearly and precisely, and his responsive admissions were clear and unqualified.").

Saltares argues that his admissions do not provide a sufficient factual basis for a guilty plea to Section 924(c) because "[t]he evidence must be sufficient to show active employment of a firearm by a defendant and or a use that makes the firearm an operative factor in relation to the predicate offense." (Def.'s Mem. at 5.) Saltares's argument is based exclusively on the interpretation of Section 924(c) set forth in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The interpretation set forth in *Bailey,* however, was superceded by a 1998 amendment to Section 924(c), which extended that section specifically in response to *Bailey.* "After the Supreme Court held [in *Bailey* ] that 'use' requires active employment rather than mere possession, Congress amended § 924(c) to include expressly a person who, 'in furtherance of any such crime, possesses a firearm.' " *U.S. v. Cox,* 324 F.3d 77, 84 n. 2 (2d Cir.2003) (citing, *inter alia, Bailey,* 516 U.S. at 143, 116 S.Ct. 501; Criminal Use of Guns, Pub.L. No. 105–386, sec. 1, 112 Stat. 3469 (1998)). In his motion to withdraw his guilty plea, Saltares does not address the 1998 amendment to Section 924(c). Because his argument is based exclusively on law predating that amendment, Saltares has failed to articulate any basis on which the Court may find that his guilty plea was factually insufficient.

  In addition to the fact that Saltares explicitly admitted to possessing a gun in furtherance of his drug trafficking crime, the record reflects a sufficient factual basis regarding the more specific facts that constitute possession of a firearm in furtherance of such a crime. This prong of Section 924(c) can be proven by facts establishing "some nexus between the firearm and the drug selling operation." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir.2001). In *Finley*, the Second Circuit upheld a defendant's conviction under Section 924(c) where the defendant sold drugs out of a kitchen window and a sawed-off shotgun was found in the kitchen. The court held that "the jury could properly have found that Finley kept the shotgun for protection in proximity to the window from which he sold drugs." *Id.*

The nexus established on the record of the plea allocution between the firearm possessed by Saltares and his drug selling operation is analogous to that established in *Finley*. Saltares admitted on the record to possessing the firearm in the central location of the drug selling conspiracy. (Tr. at 23.) The Government stated on the record, and Saltares did not dispute, that the loaded firearm and additional ammunition were seized from the same location.[3] (Tr. at 24.) As in *Finley*, the fact that the firearm was stored in close physical proximity to the drugs is sufficient to establish the required nexus between the two pursuant to Section 924(c).

### III. *CONCLUSION*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Carlos Saltares to withdraw his guilty plea is denied.

**SO ORDERED.**

---

**3.** As noted above, in order to establish an adequate factual basis for a guilty plea, the court "may look to answers provided by counsel for defense and government, the pre-sentence report, or whatever means is appropriate in a specific case—so long as the factual basis is put on the record."