**UNTIED STATES of America,**
**Appellee,**

v.

**Maria MAXIMO, Defendant–Appellant.**

**No. 07–4992–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 6, 2008.

Daniel A. Hochheiser, Hochheiser Hochheiser & Inwood, LLP, New York, NY, for Appellant.

Arlo Devlin–Brown, (Michael J. Garcia, United States Attorney, Margaret Garnett, Daniel A. Braun, Assistant United States Attorneys, on the brief) United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and BRIAN M. COGAN,* District Judge.

### SUMMARY ORDER

Defendant-appellant Maria Maximo appeals from a November 5, 2007 judgment of conviction of the District Court. On March 17, 2007, defendant pleaded guilty to two counts of mail fraud, *see* 18 U.S.C. § 1341, before the District Court. In Au-

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1. The government argues that defendant affirmatively waived this claim before the District

gust 2007, defendant, represented by new counsel, moved to withdraw her plea, arguing that her plea was not knowing and voluntary because it was the product of her prior attorney's misleading advice. The District Court denied the motion, and the matter proceeded to defendant's sentencing. On appeal, defendant does not contend that her plea was not knowing and voluntary. Rather, defendant's sole argument is that her plea allocution did not provide a sufficient factual basis for her guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3). *See* FED. R.CRIM.P. 11(b)(3) ("Before entering a judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). We assume the parties' familiarity with the facts and procedural history of the case.

As a general rule, "[w]e review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Juncal,* 245 F.3d 166, 170–171 (2d Cir. 2001). However, in this case, defendant failed to argue before the District Court that there did not exist a sufficient factual basis for her guilty plea, and so we may review her claim only for plain error.[1] *See United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir.2006) (noting that "where a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, the claim is reviewable only for plain error").

Pursuant to Federal Rule of Criminal Procedure 52(b), we may notice error not raised by a defendant before the district court if she can demonstrate "(1) error, (2)

Court. *See* Appellee's Br. at 36. Because we conclude, with little difficulty, that the District Court did not err, the Government's contention is of no moment in this case.

that is plain, and (3) that affects substantial rights." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks omitted); *see also* FED.R.CRIM.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). If defendant makes these requisite showings, we may correct an error that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544 (internal quotation marks omitted) (alteration in original); *see United States v. Walsh,* 194 F.3d 37, 53–54 (2d Cir.1999) (noting that plain error review is "a very stringent standard").

We find that the District Court did not err, plainly or otherwise, in accepting defendant's guilty plea. Rule 11(b)(3) "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading." *United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir.1997); *see also United States v. Smith,* 160 F.3d 117, 121 (2d Cir.1998) (observing that, in accepting a guilty plea, the district court does not "weigh any evidence or predict what a jury would do in the case"). A district court need not elicit each aspect of the factual basis for the plea directly from the defendant, but may rely on "defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Barrett,* 178 F.3d 643, 647 n. 1 (2d Cir.1999); *see also Maher,* 108 F.3d at 1524–25 ("[S]o long as the facts relied on are placed on the record at the time of the plea, 'the district court, in determining whether there was a factual basis for the plea, [i]s free to rely on any facts at its disposal.'").

In this case, the District Court correctly determined that there was an adequate factual basis for defendant's plea of guilty to mail fraud. *See City of New York v. Smokes–Spirits.Com, Inc.,* 541 F.3d 425, 445 (2d Cir.2008) ("To procure a conviction for mail fraud, the government must prove three elements: (1) a scheme to defraud victims of (2) money or property, through the (3) use of the mails." (internal quotation marks omitted)). In particular, the Court stated, and defendant unequivocally agreed, "that applicants came to [her] office without proper documentation to show that they were qualified for work permits under [an expired amnesty] program, and that [defendant] knew that. [Defendant] said [she] didn't inform them that they didn't qualify.... Then ... applications were submitted on their behalf." Further, defendant agreed that "it was [her] intention ... to take money from these people for filing applications for benefits for which [she] knew they were not qualified."

We reject defendant's argument that the her allocution was insufficient to establish a factual basis for her plea because she did not explicitly acknowledge that she knowingly intended to defraud her victims. *See United States v. Autuori,* 212 F.3d 105, 116 (2d Cir.2000) ("[T]he proof must demonstrate that the defendant had a conscious knowing intent to defraud ... [and] that the defendant contemplated or intended some harm to the property rights of the victim." (internal quotation marks omitted) (alteration in original)). In our view, defendant's admission to taking money from individuals whom she *knew* did not qualify for the programs for which they sought her assistance in applying amply demonstrated that defendant was admitting to conduct that is in fact an offense under 18 U.S.C. § 1341. *See* FED.R.CRIM.P. 11(b)(3); *see also Autuori,* 212 F.3d at 116 ("The government may prove fraudulent intent through circumstantial evidence.").

For the foregoing reasons, the judgment of the District Court is AFFIRMED.