**UNITED STATES of America,**
Appellee,

v.

**Olsen KEY, also known as Babe,**
**Defendant–Appellant.**

No. 07–3528–cr.

United States Court of Appeals,
Second Circuit.

July 28, 2009.

Lawrence D. Gerzog, New York, N.Y., for Appellant.

Judith Philips, Assistant United States Attorney (Jo Ann M. Navickas, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, Circuit Judge, LEONARD B. SAND, District Judge.*

### SUMMARY ORDER

Defendant-appellant Olsen Key appeals from a judgment of conviction entered on August 15, 2007 in the United States District Court for the Eastern District of New York (Korman, *J.*), convicting him, upon his plea of guilty, of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On appeal, Key challenges only the sufficiency of the factual basis for his plea to aiding and abetting the § 924(c)(1) violation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

At his plea allocution on May 14, 1998, Key admitted delivering narcotics for a narcotics organization controlled by the brothers Edward and Michael Mathis between approximately July 1994 and the beginning of January 1995. Key also admitted storing guns for the Mathis broth-

---

ers on or about December 20, 1994, and lending them his car that morning. It is undisputed that the Mathis brothers subsequently used the guns and Key's car to rob and murder two other drug-dealers. Although Key knew that the Mathis brothers "were going to carry guns either for a drug deal or [ ] ... there was a drug dealer they were going to rob," he says he was unaware of any plans to commit specific acts of robbery or murder.

Key's principal argument on appeal is that his plea was insufficient because it did not show that he had any interest in furthering the Mathis brothers' underlying crimes. *See* Fed.R.Crim.P. 11(b)(3)("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). We review for abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty. *United States v. Gonzalez,* 420 F.3d 111, 120 (2d Cir.2005) (citations omitted).

Section 924(c)(1) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime." We have held that to be convicted of aiding and abetting a § 924(c)(1) violation, a defendant must be shown "to have known of the underlying crime, to have had an interest in furthering it, and consciously to have assisted others in the use or carrying of weapons in the underlying crime." *United States v. Persico,* 164 F.3d 796, 802 (2d Cir.1999)(citing *United States v. Pipola,* 83 F.3d 556, 562–65 (2d Cir.1996)). Key may not have known the identity of the Mathis brothers' particular victims, but in light of his acknowledged participation in a narcotics conspiracy (particularly the regular salary he was paid by the Mathis brothers), and his knowledge that the Mathis brothers would use the guns that he stored for a robbery, it was no abuse of discretion for the district court to find that there was a sufficient factual basis for Key's plea. Moreover, it is too late for Key to raise a potential defense of duress. A district court "has no duty under Rule 11[ ] to anticipate or detect, and then rule out, defenses such as necessity." *United States v. Smith,* 160 F.3d 117, 123 (2d Cir.1998).

Finally, in a series of letters to the Court which can be construed as motions, Key requests replacement of his counsel, Lawrence Gerzog, and to be allowed to make new arguments that his counsel has not raised. These motions are all denied. Prior to oral argument, on November 3, 2008, we granted Gerzog's motion for leave for Key to file a *pro se* supplemental brief. No brief was forthcoming. Gerzog is already Key's fourth counsel appointed pursuant to the Criminal Justice Act, and Key's chief ground for seeking new counsel is Gerzog's refusal to make arguments that we granted Key leave to make for himself. Key writes that Gerzog never told him that we granted leave to file a supplemental *pro se* brief, but even if that were so, it would have no bearing on the merits of this appeal.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.