15-4112-cr
United States v. Grenier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          SUSAN L. CARNEY,
                *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,


          v.                                    No.    15-4112-cr

DAVID GRENIER,
                *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:                  John C. Meringolo, Meringolo & Associates, P.C., Brooklyn, New York.

FOR APPELLEE:                   Geoffrey J.L. Brown, Michael D. Gadarian, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from an amended final judgment of the United States District Court for the

Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended final judgment entered on December 8, 2015, is AFFIRMED.

Defendant David Grenier appeals his conviction for importation of 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 952(a), 960(b)(2), challenging both the guilty plea on which the conviction is based and the amended 87-month prison term to which he was sentenced. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Guilty Plea</u>

Grenier argues that the requisite "factual basis" for a guilty plea, *see* Fed. R. Crim. P. 11(b)(3), was lacking in his case because a mental illness made it impossible for him to act with the requisite knowledge, a defect the district court would have discovered if it had, *sua sponte*, held a hearing. The argument fails on the merits. We generally review a district court's factual basis finding under Rule 11(b)(3) for abuse of discretion, *see United States v. Culbertson*, 670 F.3d 183, 189 (2d Cir. 2012), but where, as here, a defendant did not raise a Rule 11 error in the district court, we review only for plain error, *see United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006); *United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that plain error is (1) an error, (2) that is clear or obvious, (3) affecting "substantial rights," and (4) seriously impugning the "fairness, integrity or public reputation of judicial proceedings" (internal quotation marks omitted)). A Rule 11 error affects a defendant's substantial rights only if there is a "reasonable

2

probability that, but for the error, he would not have entered the plea." *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (internal quotation marks omitted). We identify no such error here.

Grenier argues that his inability to act "knowingly" is evident from his Presentence Investigation Report ("PSR"), which reports a history of paranoid schizophrenia and psychotic episodes, including possible mental instability at the time of the offense and ongoing delusions at his presentence interview. Alternatively, he argues that upon receipt of the PSR, the district court's continuing Rule 11(b)(3) obligations required it *sua sponte* to order a hearing to determine his ability to form the requisite *mens rea*. *See United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998). The argument fails because, in carrying out its Rule 11(b)(3) obligations, a district court may rely on "whatever means is appropriate in a specific case," including "representations of the 'defendant, of the attorneys for the government and the defense, [or] of the presentence report when one is available.'" *United States v. Culbertson*, 670 F.3d at 190 (alteration in original) (quoting *United States v. Maher*, 108 F.2d 585, 590 (2d Cir. 1997)).

At Grenier's plea allocution, the district court did not review the knowledge element of the crime with Grenier, nor did the prosecutor reference knowledge in stating the factual basis for the plea, to which Grenier agreed. Nevertheless, Grenier's admission of the requisite knowledge was evident in the signed plea agreement pursuant to which his guilty plea was accepted. Therein, Grenier acknowledged understanding specified elements of the charged offense, including those requiring knowledge, *see* J. App'x 12, and expressly admitted that, when he entered the United States, "he was aware

3

that he was transporting methamphetamine tablets," *id.* at 13.   At the plea allocution, defense counsel reported, and Grenier confirmed, that they had reviewed and discussed the plea agreement on multiple occasions and that Grenier understood its contents.   This record was sufficient to support the district court's initial finding that Grenier's plea satisfied Rule 11(b)(3).   *See United States v. Culbertson*, 670 F.3d at 190; *United States v. Maher*, 108 F.3d at 1529.

The PSR warrants no different conclusion, or even a hearing, when considered in context.   In a defense sentencing submission, Grenier's counsel advised the district court that his client had considered but ultimately decided not to file a motion to withdraw his plea on grounds of a potential insanity defense, because, after consultation, counsel and Grenier had determined such a motion would be "deemed frivolous."   J. App'x 51.[1]

More to the point here at issue, the defense sentencing submission acknowledges that Grenier "knew that he was in possession" of methamphetamine tablets when he tried to enter the United States, and "[b]y virtue of such knowledge," met the elements of 21 U.S.C. § 952(a).   *Id.* at 50–51.   Further, at sentencing, Grenier himself twice said that the statements in his sentencing memorandum were "the truth."   *Id.* at 56–57.   This record, viewed in its entirety, provides sufficient continued support for the district court's

---

[1]  We need not here decide whether counsel's representations constitute a true waiver of any mental health challenge to Grenier's guilty plea, as urged by the government.   It is sufficient for us to conclude that the defense sentencing submission precluded a plain error conclusion.

Rule 11(b)(3) determinations and manifests no error in its failure to reach, *sua sponte*, a contrary conclusion or to hold a hearing after receipt of the PSR.[2]

2.      Sentence

Grenier faults the district court for failing to grant him a Guidelines departure based on "a significantly reduced mental capacity," which contributed substantially to the commission of the offense.   U.S.S.G. § 5K2.13.   The argument is foreclosed by the appeal waiver in Grenier's plea agreement.   Although that waiver did not bar him from raising a Rule 11(b)(3) challenge to his plea, because we reject that argument on the merits, the waiver does preclude him from appealing "[a]ny sentence to a term of imprisonment of 121 months or less."   J. App'x 14; *see United States v. Smith*, 160 F.3d at 120–21 (ruling that plea agreement foreclosed defendant's appeal of sentence but not his Rule 11 challenge to guilty plea).   Grenier's 108-month initial sentence was well below the term triggering his appeal waiver (as is his amended 87-month sentence). Accordingly, his appeal waiver bars his sentencing challenge.   *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).

In any event, a district court's denial of a downward departure "is generally not appealable" unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."   *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005).   Grenier presents no such apprehension or legality challenge.

---

[2]  Insofar as Grenier's sufficiency argument might be construed as distinct from his claim of Rule 11 error, because we "have concluded that the district court adequately complied with the requirements of Rule 11 . . . we will not entertain a challenge to the sufficiency of the evidence."   *United States v. Maher*, 108 F.3d at 1529.

Indeed, the record is to the contrary. Defense counsel specifically argued that Grenier's mental health should mitigate his sentence, and the government stated its opposition. The district court stated on the record that it had considered the pertinent factual information that it had received. *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (noting that "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her," a presumption that is "especially forceful when . . . the sentencing judge makes abundantly clear that she has read the relevant submissions"), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Further, although the district court imposed a within, rather than below, Guidelines sentence, its sentencing recommendations included mental health treatments. On this record, even in the absence of waiver, we would identify no sentencing error.

3. Conclusion

We have considered Grenier's remaining arguments and conclude that they are without merit. Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6