15-2456
*United States v. Lawton*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand and nineteen.

PRESENT:   CHESTER J. STRAUB,
                    RICHARD C. WESLEY,
                    DEBRA ANN LIVINGSTON,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                   *Appellee*,                15-2456

              v.

BRETT LAWTON,

                          *Defendant-Appellant*.

_____

FOR APPELLANT:        BARCLAY T. JOHNSON, Assistant Federal Public Defender (David L. McColgin, Assistant Federal Public Defender, *on the brief*), *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, VT.

FOR APPELLEE:        KUNAL PASRICHA, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Brett Lawton was charged in a one-count indictment with conspiring to distribute $\alpha$-PVP, a substance the Government alleges is an analogue of MDPV. MDPV is a schedule I controlled substance that produces effects similar to those of methamphetamine or cocaine. In September 2014, Lawton moved to dismiss the indictment on the basis that the Analogue Act, 21 U.S.C. § 813, is unconstitutionally vague as applied to $\alpha$-PVP. The United States District Court for the District of Vermont (Sessions, *J.*) denied Lawton's motion, and Lawton entered a conditional guilty plea that preserved his right to appeal the constitutional claim. Lawton filed an appeal, which we stayed pending a resolution in *United States v. Demott*, 906 F.3d 231 (2d Cir. 2018). In October 2018, a panel of this Court decided *Demott*, which we now hold is dispositive of Lawton's appeal. We assume the parties' familiarity with the underlying facts and procedural history.

Lawton raises two challenges to his judgment of conviction: The Analogue Act is unconstitutionally vague as applied to $\alpha$-PVP because (1) it does not define "substantially similar"; and (2) $\alpha$-PVP neither shares a 3-D visual similarity to a controlled substance

2

nor metabolizes into a controlled substance. *Demott* and our prior precedent foreclose both arguments.

In *Demott*, we rejected a vagueness challenge to the Analogue Act based on the "substantially similar" language. *Id.* at 237–38. As we explained there, "a statute is unconstitutionally vague if it fails to define the unlawful conduct with 'sufficient definiteness that ordinary people can understand what conduct is prohibited,' or if its vagueness makes the law unacceptably vulnerable to 'arbitrary enforcement.'" *Id.* at 237 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)). The phrase "substantially similar" is not unconstitutionally vague because "such 'non-numeric,' 'qualitative standards' abound in our law, and are not so inherently problematic as to independently render a statute void for vagueness." *Id.* at 237 (quoting *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018) (cleaned up)). We see no reason to distinguish Lawton's case from *Demott*.

Lawton argues that the substance upon which his guilty plea is based, $\alpha$-PVP, is not "substantially similar" to a controlled substance under any definition that would save the phrase from unconstitutional vagueness. We agree with the government that, in light of *Demott*'s conclusion that juries may decide the question of "substantial similarity" without running afoul of vagueness concerns, Lawton's challenge is essentially one of sufficiency of the evidence, to which he attempts to give a constitutional gloss. This argument, too, fails under *Demott*.

Because Lawton entered a guilty plea, we review the district court's finding that α-PVP is substantially similar to MVMP for abuse of discretion. *See United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998); *see also Demott*, 906 F.3d at 239 (holding that whether a particular substance is substantially similar to a controlled substance is a factual question for the jury). Thus, the sole issue we must resolve is whether the district court abused its discretion by accepting Lawton's plea while concluding that there was sufficient information in the record to support a finding that α-PVP is a controlled substance analogue.

The Controlled Substances Act ("CSA") prohibits the distribution of a "controlled substance," 21 U.S.C. § 841, defined as any drug or substance listed on schedules I through V, *id.* § 802(6). The Analogue Act directs the government to treat "[a] controlled substance analogue . . . , to the extent intended for human consumption," as though it were "a controlled substance in schedule I." *Id.* § 813. A controlled substance analogue, in turn, is defined as a substance, "the chemical structure of which is substantially similar to . . . [that] of a controlled substance in schedule I or II" (the chemical structure element), and "which has [an actual, claimed, or intended] stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than . . . [that] of a controlled substance in schedule I or II" (the physiological effect element).

4

*Id.* § 802(32)(A). Lawton challenges the chemical structure element of the controlled substance analogue definition as applied to $\alpha$-PVP.[1]

Lawton argues the Government must prove that the substance in question "ha[s] a readily apparent visual similarity" to a controlled substance and "metabolize[s] into the schedule I or II substance upon ingestion." Appellant Br. 23. This argument, however, relies on a misreading of our holding in *United States v. Roberts*, 363 F.3d 118 (2d Cir. 2004). *Roberts* concerned a government challenge to a district court's decision to *dismiss* an indictment and thus does not preclude the district court's finding here.[2] The Analogue

---

[1] Lawton also challenged the physiological effect element before the district court in his motion to dismiss, but his briefing to this court does not address that element with any specificity. Therefore, we deem waived any argument about $\alpha$-PVP's actual, claimed, or intended effect as compared to a controlled substance. *See Norton v. Sam's Club*, 45 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

[2] Given that the purported analogue in *Roberts* not only had a "readily apparently visual similarity" to a controlled substance, but also metabolized into that controlled substance upon ingestion, the *Roberts* panel concluded that a jury could find that the analogue "*easily* meets" the requirement of substantial similarity in chemical structure and thus reversed the district court's dismissal of the indictment. 363 F.3d at 125 (emphasis added). Here, there was a readily apparent visual similarity between $\alpha$-PVP and a controlled substance, but $\alpha$-PVP does not metabolize into a controlled substance upon ingestion. Given the disagreement between the parties' experts about the relevant characteristics of the two substances and the import of their admittedly small structural differences, we agree with the district court that it was appropriate to deny Lawton's motion to dismiss the indictment, leaving to the fact finder the final decision of whether $\alpha$-PVP's chemical structure was nevertheless "substantially similar" to a controlled substance. *See id.* at 125 n.4 (noting that metabolization is only significant "because it indicates that the readily ascertainable pre-ingestion similarity . . . is a similarity of a material and relevant sort"); *Demott*, 906 F.3d at 239 (noting that "substantial similarity" is a question of fact); *see also United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004) (concluding that a structural difference of "only three atoms" did not preclude a jury's finding of substantial similarity in chemical structure), *abrogated on other grounds by McFadden v. United States*, 135 S. Ct. 2298 (2015).

Act, however, does not require the government to produce any particular evidence to demonstrate that a given substance qualifies as a controlled substance analogue. *See Demott*, 906 F.3d at 238. Here, as part of its response to Lawton's motion to dismiss (which included expert reports related to α-PVP's chemical structure), the Government produced an expert report concluding that α-PVP is substantially similar in chemical structure to MDPV. *See* J.A. 118–19. That report is the kind of evidence from which a jury could have found that α-PVP is structurally similar to a controlled substance. *See Demott*, 906 F.3d at 239 (citing expert testimony as competent evidence to establish substantial similarity).

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6