20-2130-cr
United States v. Sanders

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-one.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                             No. 20-2130-cr

REGINALD SANDERS,

*Defendant-Appellant.*\*

-----------------------------------------------------------------

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: Louis V. Fasulo, Fasulo Braverman & DiMaggio, LLP, New York, NY

FOR APPELLEE: Michael Kim Krouse, Aline R. Flodr, Stephanie L. Lake, Robert B. Sobelman, Anna M. Skotko, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Reginald Sanders appeals from a judgment of the United States District Court for the Southern District of New York (Engelmayer, J.), following his plea of guilty, convicting him of distribution of and conspiracy to distribute heroin, in violation of 21 U.S.C §§ 841 and 846, and of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and also sentencing him principally to a term of 192 months' imprisonment.  On appeal, Sanders

2

argues that, among other alleged deficiencies, there was no factual basis for his plea to the § 924(c) firearms charge. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

Because Sanders raises his challenge to his conviction on the § 924(c) charge for the first time on appeal, we review the challenge "only for plain error." United States v. Torrellas, 455 F.3d 96, 103 (2d Cir. 2006).[1] A plain error is an error that prejudicially affected the defendant's "substantial rights" and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (quotation marks omitted).

When a defendant pleads guilty to a § 924(c) offense, the record at the time of the plea must establish a "specific nexus between the charged firearm and the federal drug trafficking crime," United States v. Chavez, 549 F.3d 119, 130 (2d Cir. 2008), abrogated on other grounds by Dean v. United States, 137 S. Ct. 1170

---

[1] Unless otherwise stated, all internal quotation marks and alterations have been omitted.

(2017). In determining "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3), "[a] court may rely on [the] defendant's own admissions, information from the government, or other information appropriate to the specific case," United States v. Andrades, 169 F.3d 131, 136 (2d Cir. 1999).

With these principles in mind, we conclude that the District Court did not commit error, much less plain error, when it accepted Sanders's plea to the § 924(c) charge.

During the plea hearing Sanders admitted that he possessed a gun in furtherance of his heroin trafficking crimes, and he did so without contesting any element of the § 924(c) charge. See United States v. Smith, 160 F.3d 117, 121 (2d Cir. 1998). He stated that from 2015 to 2018, he "agreed with others to distribute narcotics, particularly heroin, weighing 1 kilogram or more," and that on April 12, 2018, and June 5, 2018, he "possessed heroin with the intent to distribute it." App'x 50. He added that he possessed a firearm "[i]n furtherance of these crimes," and that he knew that "what [he] was doing was wrong and against the law." Id.; see also id. at 50–51. These factual admissions were sufficient to support the guilty plea, and the District Court was entitled to rely on them.

4

Sanders also separately argues that we should vacate his plea in light of our summary order in United States v. Rosario, 792 F. App'x 76 (2d Cir. 2019), which was decided after Sanders pleaded guilty and in which we vacated a defendant's guilty plea after concluding that there was an insufficient factual basis for his plea to a firearm charge under § 924(c). But Rosario is entirely distinguishable from this case. In contrast to Sanders's allocution, quoted in pertinent part above, Rosario's allocution showed only that he possessed a gun during the period of the conspiracy, not that he possessed the gun in any connection with the conspiracy.

We have considered Sanders's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court