21-2824
*United States v. Suleiman*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                     No. 21-2824

ABDULLAH SULEIMAN,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:                    B. Alan Seidler, New York, NY.

For Appellee:                    Jacob R. Fiddelman, Kedar S. Bhatia, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Abdullah Suleiman appeals from a judgment of conviction following his guilty plea to conspiracy to distribute one-hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846.   The district court sentenced Suleiman to 188 months' imprisonment, to be followed by five years' supervised release. On appeal, Suleiman contends that his conviction should be vacated because his guilty plea lacked an adequate factual basis under Rule 11 of the Federal Rules of Criminal Procedure.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

Under Rule 11, a district court must determine that there is a "factual basis" for a defendant's plea of guilty before accepting it. Fed. R. Crim. P. 11(b)(3). The factual-basis requirement is designed to ensure that the conduct to which the defendant admits constitutes the crime with which he is charged. *See McCarthy v. United States*, 394 U.S. 459, 467 (1969). A district court may establish the factual basis for a plea from the defendant's own words or from the prosecutor's statements. *See United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998). Because Suleiman did not challenge the factual basis for his guilty plea in the district court, we review only for plain error. *See United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2006).

Here, the district court did not plainly err in determining that there was an adequate factual basis for Suleiman's guilty plea. During his change-of-plea hearing before a magistrate judge, Suleiman admitted that he had "pick[ed] up a bag" – which he knew to contain more than one-hundred grams of heroin – from an "undercover police officer" for a "friend." App'x at 40–41. The factual basis for Suleiman's plea was further supported by the government's proffer that Suleiman "was connected with an undercover agent by a co[-]conspirator, who arranged . . . for a transaction in Manhattan in which [Suleiman] would pick up a

3

bag containing five kilograms of heroin." *Id.* at 42. These statements leave no doubt that Suleiman's conduct met all the elements of a narcotics conspiracy. *See United States v. Alston*, 899 F.3d 135, 143 (2d Cir. 2018); *see also* 21 U.S.C. §§ 841(b)(1)(B), 846.

Suleiman counters that his plea lacked a factual basis because he "cannot be guilty of conspiratorial conduct for committing acts with a government agent alone." Suleiman Br. at 12. While Suleiman is right on the law of conspiracy, *see United States v. Vasquez*, 113 F.3d 383, 387 (2d Cir. 1997) (explaining that a person "acting as an agent of the government" lacks the criminal intent to enter into an "agreement to conspire"), he is wrong on the facts. The proffers offered by Suleiman and the government both identified a co-coconspirator other than the undercover officer. In arguing otherwise, Suleiman plucks one line from the plea-hearing transcript, where the district court asked if he had "picked up a package or a bag . . . *from* [*his*] *friend*," to imply that the *undercover officer* was his friend and thus the only other person involved in the transaction. *Id.* at 40 (emphasis added). It is clear from context, however, that the magistrate judge either misspoke or misheard Suleiman when he posed that question. In any event, Suleiman never responded to the magistrate judge, and Suleiman's other

4

statements clearly established that the "friend" he was picking up *for* and the "agent" he was picking up *from* were two different people. *Compare id.* at 40 (admitting that he "was supposed to pick up a bag for my friend"), *with id.* at 41 (admitting that he "picked up [a] package from" a government "agent"). Based on Suleiman's and the government's proffers at the change-of-plea hearing – both of which made clear reference to Suleiman's non-agent co-conspirator – we conclude that there was an adequate factual basis for Suleiman's guilty plea.[1]

We have considered Suleiman's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The evidence at the change-of-plea hearing was entirely consistent with the facts set forth in the Presentence Investigation Report, to which neither Suleiman nor his lawyer ever objected. Suleiman likewise endorsed those facts in his sentencing submission. *See* Dist. Ct. Doc. No. 34 at 1 (explaining that Suleiman engaged in the admitted conduct "to help his friend 'Everest' complete a drug transaction Everest had organized").

5