**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3728
_____

UNITED STATES OF AMERICA

v.

KEVIN ROBERTS,

Appellant

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-08-cr-00547-001)
District Judge:  Honorable Legrome D. Davis

_____

Submitted under Third Circuit LAR 34.1(a)
on January 20, 2015

Before:  RENDELL, SMITH, KRAUSE, <u>Circuit Judges</u>

(Opinion filed: February 2, 2015)

_____

# OPINION[*]

**RENDELL**, Circuit Judge:

Appellant Kevin Roberts pled guilty to two counts of fraud in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(2), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(4), arising from Roberts's sale of two counterfeit Pennsylvania driver's licenses and a credit card to witnesses cooperating with law enforcement. Roberts was sentenced to a total term of imprisonment of 42 months: 24 months for the aggravated identity theft count, and 18 months on the other counts. Roberts appeals,[1] contending that the District Court erred in sentencing him to 24 months for aggravated identity theft because the government failed to prove that Roberts knew the information he misused belonged to an actual person; Roberts's trial counsel was ineffective when he refused to explain an essential element of aggravated identity theft during Roberts's plea hearing; the District Court improperly enhanced the offense guideline level upwards by two points, pursuant to U.S.S.G. § 3B1.1(c), because Roberts was not an organizer, leader, supervisor, or manager; and the District Court improperly

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Roberts filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and the District Court granted relief as to one claim raised in that motion—that the District Court improperly instructed him as to the date for the notice of appeal. The District Court reinstated Roberts's sentence, thereby permitting Roberts the opportunity to file a direct appeal.

2

imposed a three-year term of supervised release on the aggravated identity theft count because the maximum supervised release on that count is one year.[2] We will vacate Roberts's sentence and remand for resentencing.

## A. Enhancement Under § 3B1.1(c)[3]

The government agrees with Roberts that the evidence was insufficient to support this enhancement, and accordingly, we will vacate Roberts's sentence and remand the case for resentencing without application of the enhancement. Section 3B1.1(c) provides for a two-level increase in offense level if the defendant was an organizer, leader, manager, or supervisor in any criminal activity *of one or more other participants*. *See* U.S.S.G. § 3B1.1 app. note 2. A person who is not criminally responsible for the commission of the offense, such as an undercover law enforcement officer, does not qualify as a "participant" under this enhancement. *Id.* app. note 1. Here, the probation department recommended the enhancement based on Roberts's interactions with the cooperating witness. (App. II 115 (PSR ¶ 38 (filed under seal)).) Because the cooperating witness was acting as an agent of law enforcement in this case, the witness's interaction with Roberts cannot support application of the enhancement.[4] This error

---

[2] We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

[3] Because Roberts did not preserve this objection during sentencing, it is reviewed for plain error. *See United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002).

[4] Furthermore, to the extent that Roberts obtained the genuine identification information from an insurance agent, the government introduced no evidence regarding the nature of his relationship with this individual. (App. II 111 (PSR ¶ 11 (filed under seal)).) Roberts also sent the cooperating witness to "Rosa's truck" at a certain intersection in Philadelphia to have his photograph taken for the driver's license. (App. II 33, 36.) However, there is no evidence as to Roberts's relationship with the person operating this truck in order to establish the enhancement at issue here.

3

affected Roberts's substantial rights because it increased the applicable Sentencing Guideline range. *See United States v. Stinson*, 734 F.3d 180, 187 (3d Cir. 2013).

## B. Three-Year Term of Supervised Release for Aggravated Identity Theft[5]

The government also agrees with Roberts that the District Court committed plain error in imposing a term of supervised release for the aggravated identity theft count that exceeds the statutory maximum sentence. At the sentencing hearing, the District Court imposed a three-year term of supervised release on the aggravated identity theft count, to run concurrently to the three-year term of supervised release imposed for the other counts. Because the statutory maximum term of imprisonment for a violation of § 1028A(a)(1) is two years, the offense is a Class E felony, 18 U.S.C. § 3559(a)(5), which carries a maximum term of supervised release of one year, 18 U.S.C. § 3583(b)(3). This aspect of Roberts's sentence is therefore vacated, and we will remand to the District Court to impose a statutory term of not more than one year of supervised release for this offense.

---

[5] Because Roberts did not object during sentencing to receiving a sentence in excess of the statutory maximum penalty, this objection is reviewed for plain error. *See United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc).

**Factual Basis for Aggravated Identity Theft**[6]

Roberts contends that the District Court erred by finding that there was an adequate factual basis for his plea to aggravated identity theft. Specifically, Roberts contends that the government failed to prove that he knew that the information used to create one of the counterfeit Pennsylvania driver's licenses belonged to another person. *See Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009).[7] Before the District Court may enter judgment on a guilty plea, it must determine whether there is a factual basis for the plea. The government may make that inquiry by looking at the defendant's admissions, the government's proffer of proof, the presentence report, or "whatever means is appropriate in a specific case—so long as the factual basis is put on the record." *See Cefaratti*, 221 F.3d at 509 (quoting *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998)).

Despite Roberts's argument that he did not have a clear understanding of the knowledge requirement of § 1028A as he gave his guilty plea, there is record evidence to

_____

[6] A district court's finding of a factual basis for a plea is reviewed for abuse of discretion. *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir. 2000). However, Roberts did not object at his guilty plea hearing. Rather, he first raised this issue in a subsequent motion for bail pending appeal. The District Court disagreed, and Roberts filed a motion for bail with this Court, which was also denied. Roberts then raised the issue in his § 2255 motion, asserting that counsel was ineffective for failing to object to the lack of a factual basis for the aggravated identity theft count. The District Court denied that claim as well. Accordingly, we review this claim for plain error. *See United States v. Lessner*, 498 F.3d 185, 196 (3d Cir. 2007).

[7] The elements the government is required to prove in order to convict a defendant of aggravated identity theft are as follows: (1) the defendant knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant did so without lawful authority; and (3) the defendant did so during and in relation to certain enumerated crimes. 18 U.S.C. § 1028A(a)(1), (c); *see also United States v. Stepanian*, 570 F.3d 51, 59 (1st Cir. 2009).

support the conclusion that Roberts knew that one of the fake licenses contained the identification information of a real person. During the guilty plea colloquy, Roberts confirmed that the government's recitation of the facts was true and correct and made no corrections or amendments to the factual recitation. (App. II 41.) That description included Roberts's offer to provide two different types of driver's licenses to the cooperating witnesses: one that did not contain any "real identifiers," and one for $500 more that would have "a real person's date of birth, address, et cetera, and the only thing that would be different is that there would be a substitution of the picture of the cooperating witness" in order for the license to "pass inspection by law enforcement." (App. II 31-33.) Furthermore, Roberts's process differed whether he was providing a license with real or fake identification information: for the license without real identification information, Roberts would have the purchaser provide the relevant identification information for the license. (App. II 37-39.)[8] There is sufficient record evidence to show that Roberts knew that the means of identification belonged to another person and was not fictitious. *See Flores-Figueroa*, 556 U.S. at 656.[9]

---

[8] The District Court, in denying Roberts's motion for bail pending appeal, agreed that there was sufficient evidence in the record to suggest that "Roberts knew the identification he sold belonged to 'another person,' as required by . . . § 1028A(a)(1). In fact, the record permits no other inference." (Docket No. 70 at 2-3.)

[9] Roberts argues that the government failed to prove that Roberts had met M.S., the person whose information was included on one of the counterfeit driver's licenses, or that he knew M.S. actually existed, and so the knowledge element of § 1028A was not met. This argument is unavailing because the government was only required to prove that Roberts knew the driver's license contained a real person's information, which it did.

6

## C. Ineffective Assistance of Counsel Claim

Lastly, Roberts argues that his trial counsel was ineffective for failing to ensure that Roberts made a knowing and intelligent guilty plea. Specifically, Roberts contends that he was unaware of the knowledge element of § 1028A prior to his change of plea hearing. This Court, however, does not generally entertain a claim of ineffective assistance of counsel on direct appeal, and we decline to do so here. *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014).

Roberts, in actuality, is attempting to seek review of the District Court's denial of this ineffectiveness claim in his § 2255 motion. This is not, however, an appeal of Roberts's § 2255 proceeding. Furthermore, Roberts asserts that our jurisdiction is proper under 18 U.S.C. § 3742 and 28 U.S.C. § 1291—as a direct appeal of his conviction and sentence—not under 28 U.S.C. § 2253, which establishes our jurisdiction of appeals from § 2255 proceedings. Accordingly, we will not review the District Court's ruling on Roberts's § 2255 motion, as that is not properly before us.

For the foregoing reasons, we will vacate Roberts's sentence and remand for resentencing consistent with this opinion.